59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David Lewis RICE, Petitioner-Appellee,
v.
Tana WOOD, Superintendent, Respondent-Appellant.
 No. 95-99004.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jun 26, 1995.*
Decided June 28, 1995.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.
 
 MEMORANDUM
 
 1
 After remand in accordance with Rice v. Wood, 44 F.3d 1396 (9th Cir. 1995), our court decided to rehear the case en banc. While en banc rehearing was pending, Wood sought to take the deposition of William Lanning, one of Rice's trial attorneys. The deposition was meant to preserve Lanning's testimony in the event the en banc court agreed with the Rice panel that Rice's ineffective assistance of counsel claim required an evidentiary hearing to resolve certain issues. Wood moved pursuant to Federal Rule of Civil Procedure 27(b), which allows the taking of a deposition in perpetuity.
 
 
 2
 The district court denied Wood's motion, and she appeals. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. See Campbell v. Blodgett, 982 F.2d 1356, 1357 (9th Cir. 1993) (denial of Rule 27(b) motion is final order). We review the denial of a Rule 27(b) motion for abuse of discretion. Id. at 1358. We will reverse the district court only when we have a "definite and firm conviction that the district court has committed a clear error of judgment." Id.
 
 
 3
 Rule 6 of the Rules Governing Section 2254 Cases allows discovery with leave of the court "for good cause shown." However, discovery in this area is largely a matter of the district court's discretion. Rule 27(b) allows a deposition to be taken pending appeal "to avoid a failure or delay of justice." This, too, is largely a matter of district court discretion.
 
 
 4
 Although Lanning's testimony might be helpful to Wood in establishing that Lanning was not ineffective, his health is extremely poor. Of course, the poor health of a deponent is one reason why Rule 27(b) exists. Nevertheless, Lanning's physician, Dr. Ormsby, while originally opining that Lanning might be able to withstand a written deposition, retreated from this position, stating that Lanning would not be capable of perusing pages of records to answer questions. Lanning's wife, who spends the most time with Lanning, also said that she did not believe that Lanning would be capable of mentally recalling any relevant facts, and believes that the "stress from even attempting to do this may be too much for [him] and may very seriously endanger his immediate well-being."
 
 
 5
 Cognizant of Lanning's extremely weak physical state and failing mental abilities, the district judge concluded that Lanning should not have to submit to any form of deposition, written or oral. There was no abuse of discretion. While Lanning's testimony may be important, it is not worth endangering his life to preserve it. At least, that is the balance struck by the district court, and we will not disturb it.
 
 
 6
 Finally, the district court stated, during oral argument on this motion, that Wood could have deposed Lanning years ago, but opposed its being taken. Wood's proffered reason was that she did not believe that Rice was entitled to an evidentiary hearing. Be that as it may, in successfully blocking the deposition, she ran the risk of an evidentiary hearing without Lanning's testimony.
 
 
 7
 AFFIRMED.
 
 
 8
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4